UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PRUDI BATISTA,

                              Plaintiff,

          -against-

FRANK DEGENNARO, NEW YORK CITY
DEPARTMENT OF EDUCATION, CITY OF
NEW YORK,

                              Defendants.

---

NOTICE OF REMOVAL

13 CIV. _____



**TO:**     **THE UNITED STATES DISTRICT COURT,
SOUTHERN DISTRICT OF NEW YORK**

        Defendants New York City Department of Education and The City of New York,[1] by and through their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, respectfully shows this Court as follows:

        1.    On or about January 28, 2013, defendants New York City Department of Education and The City of New York were served with a Summons and Complaint by personal delivery upon the Office of the Corporation Counsel of the City of New York, in the above-entitled action, pending in the Supreme Court of the State of New York, County of New York, under Index No. 150752/2013, naming the New York City Department of Education, The City of New York, and Frank Degennaro as defendants therein, and setting forth the claims for relief upon which the action is based. A true and correct copy of plaintiff's Summons and Complaint, dated January 23, 2013, is annexed hereto as **EXHIBIT A**.

---

[1]     As of the filing of this notice, individually named defendant Frank Degennaro has not been served with a copy of the Summons and Complaint in this action. *Infra* ¶ 5.

2. The above-captioned is a civil action of which the District Court has original jurisdiction in that it includes a cause of action which arises under the Constitution and laws of the United States, pursuant to 28 U.S.C. § 1331. This action is therefore removable to the District Court without regard to the citizenship or residence of the parties, pursuant to 28 U.S.C. § 1441(b).

3. Plaintiff brings this lawsuit alleging, *inter alia*, that defendants New York City Department of Education, The City of New York, and Frank Degennaro violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C § 2000e, *et seq.*, and 42 U.S.C. § 1981. Plaintiff also makes claims pursuant to New York City Administrative Code § 8-107, *et seq.*, and the New York Executive Law § 296. *See* Ex. A.

4. This Notice of Removal is timely because it is being filed within thirty (30) days of receipt of the initial pleading and all defendants consent to its removal. *See* 28 U.S.C. § 1446(b).

5. Upon information and belief, as of this writing, defendant Frank Degennaro has not been served with a Summons and Complaint. Defendant Frank Degennaro, while not being represented by the Office of the Corporation Counsel of the City of New York at this time due to his not being served as of this writing, consents to the removal of this action to the Southern District of New York. *See* Declaration of Frank Degennaro, dated February 15, 2013, attached hereto as **EXHIBIT B**.

6. Defendants will promptly file a copy of this Notice of Removal with the Clerk of the state court in which the action has been pending.

7. Defendants are unaware of any previous application for the relief requested herein.

**WHEREFORE**, defendants respectfully requests that the above-captioned action be removed from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.

Dated: New York, New York
February 15, 2013

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
*Attorney for Defendants New York City Department of Education and The City of New York*
100 Church Street, Room 2-193
New York, New York 10007
(212) 788-0887
dstodola@law.nyc.gov

By: _____
Damion K. L. Stodola
Assistant Corporation Counsel

TO: Albert Van-Lare, Esq.
The Law Office of Albert Van-Lare
Attorney for Plaintiff
80 Wall Street, 3rd Floor
New York, NY 10005
(212) 608-1400

# Exhibit A

FILED: NEW YORK COUNTY CLERK 01/26/2013
NYSCEF DOC. NO. 1

INDEX NO. 150752/2013
RECEIVED NYSCEF: 01/26/2013

2013-003931

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------------------------------x

PRUDI BATISTA                          Plaintiff(s),         **SUMMONS**

-against-                              Index No. 150752/2013

**FRANK DEGENNARO**
**NEW YORK CITY DEPARTMENT OF EDUCATION;**
**CITY OF NEW YORK**

                                        Date Index No.  January 26, 2013
                    Defendant(s).       purchased
----------------------------------------------------------------x

To the Person (s) Named as Defendant (s) above:

PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED to answer the complaint of the plaintiff (s) herein and to serve a copy of your answer on the plaintiff (s) at the address indicated below within 20 days after service of this Summons (not counting the day of service itself), or within 30 days after service is complete if the Summons is not delivered personally to you within the State of New York.

YOU ARE HEREBY NOTIFIED THAT should you fail to answer, a judgment will be entered against you by default for the relief demanded in the complaint.

Dated: January 25, 2013

*[signature: Albert Van-Lare]*

**Albert Van-Lare**
**THE LAW OFFICES OF**
**ALBERT VAN-L ARE**
**80 WALL STREET 3RD FLOOR**
**N.Y N.Y 10005**
212 608 1400

100 Church Street , NY NY  10005

**[Address(es) of Defendant(s)]**
Venue: Plaintiff(s) designate(s) New York County as the place of trial.

The basis of this designation is Defendants' business offices are in New York County.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

PRUDI BATISTA

              Plaintiff,

Index No. 150752/2013

-against-

**VERIFIED COMPLAINT**

FRANK DEGENNARO
NEW YORK CITY DEPARTMENT OF EDUCATION;
CITY OF NEW YORK

              Defendants.

---

Plaintiff, by her attorney, Albert Van-Lare Esq., complaining of the Defendants, alleges as follows:

## JURISDICTIONAL BASIS AND VENUE

1. This action is initiated in this Court pursuant to the general subject matter jurisdiction granted to the Supreme Court by the laws of the State of New York. Venue is proper in this county because Defendants principal business offices are located in New York County.

## PARTIES

2. Plaintiff is Hispanic whose national origin is the Dominican Republic.

3. Plaintiff is 58 years old.

4. Plaintiff is a resident of Bronx County, New York.

5. Plaintiff was employed by Defendants until August 2011.

6. Plaintiff has been an employee of Defendant, City of New York (City) throughout the period described in this complaint.

7. Plaintiff was hired as a bilingual social worker in 1997.

8. Plaintiff was assigned by the City to perform her duties as a social worker at Jeffrey Rappaport School for Career Development P.S 754 X Jackson Avenue, Bronx, NY.

9. Defendant Frank DeGennaro, (DeGennaro) is an Assistant Principal at Jeffrey Rappaport School for Career Development.

10. Defendant DeGennaro is a white male

11. Defendant New York City Department of Education and City of New York were Plaintiff's employers.

## FACTUAL ALLEGATIONS

12. Plaintiff has complied with all procedures necessary before filing a Title VII Complaint.

13. Plaintiff is Hispanic and of Dominican national origin.

14. Plaintiff is 58 years old.

15. Plaintiff was hired by Defendants on September 7, 1997 as a Bilingual Social Worker and assigned to Jeffrey Rappaport School for Career Development.

16. Plaintiff was constructively discharged in August 2011.

17. Plaintiff's work performance was excellent throughout her employment with Defendants.

18. Frank DeGennaro served as the Assistant Principal for the Defendants when Plaintiff was employed by Defendants.

19. Frank DeGennaro (DeGennaro) subjected Plaintiff to discriminatory treatment because she is Hispanic and of Dominican national origin.

20. DeGennaro instructed Plaintiff not to speak Spanish on the job, although Plaintiff was employed as a Bilingual Social Worker.

21. Plaintiff complained to DeGennaro that she was a victim of discrimination because she is Hispanic.

22. Plaintiff also requested DeGennaro to provide her with a private space so she could counsel students appropriately.

23. DeGennaro rejected the request for additional space by Plaintiff and told her things will be different from now.

24. After Plaintiff complained to DeGennaro that she was being written up because she is Dominican and Hispanic, DeGennaro told her "things will be different from now on" because Plaintiff complained about discrimination based on her Dominican origin and her Hispanic race.

25. DeGennaro also told Plaintiff that the Principal, Dr. Scope did not like the fact that Plaintiff complained about discrimination and that Dr. Scope and him

4

(DeGennaro) do not like staff that complain about race and try to give racial interpretation to every administrative issues.

26. DeGennaro thereafter told Plaintiff again that "things will be handled different from now." DeGennaro was indicting to Plaintiff that there would be punitive consequences because Plaintiff complained of race discrimination.

27. DeGennaro began to write up Plaintiff for infractions that he manufactured and were not violations or misconduct by Plaintiff.

28. DeGennaro wrote up Plaintiff based on false accusations of violations. He wrote up Plaintiff for alleged violations that did not invite any disciplinary write up when such matters involved non-Hispanic Social Workers.

29. Dr. Scope (Scope), the Principal, also wrote up Plaintiff as part of actions directed against Plaintiff because of her Hispanic ethnicity and national origin.

30. Scope on several occasions spoke to Plaintiff in a nasty and derogatory manner, instructing her not to speak Spanish because English is the proper language in New York.

31. Scope told Plaintiff that her work will come under special scrutiny and that going to EEOC to file a complaint is a bad way to maintain good relations in the work place.

32. Scope told Plaintiff that her days in the school will be numbered because she wants social workers who will speak English.

5

33. As a way of following up on his threat of retaliation against Plaintiff for complaining about discrimination, Scope issued negative evaluations to the Plaintiff based on Scope's desire to retaliate against Plaintiff for complaining about discrimination.

34. The retaliatory evaluation written by Scope, led to the disqualification of Plaintiff from summer job, a task she performed creditably every year prior to the retaliatory and negative evaluation from Scope in June 2011.

35. Scope also commissioned DeGennaro to inform Plaintiff that she has become a problem professional and it was better for her to look for a different job, and that Scope will gladly sign Plaintiff's release.

36. DeGennaro told Plaintiff that speaking Spanish to the students was not a helpful way to assist the students because speaking Spanish to the students will not help the students develop strong academic background.

37. DeGennaro told Plaintiff that this is an English-speaking country and not a Spanish-speaking banana republic like the Dominican Republic and that unless the students are seriously discouraged from speaking Spanish they will not succeed.

38. DeGennaro, claiming that he was acting on behalf of Scope, constantly attacked Plaintiff's national origin by suggesting in insulting speech to the Plaintiff that she is of inferior culture and background and does not belong to the American society.

6

39. DeGennaro also made fun of Plaintiff's accent by mocking her speech and pronunciations.

40. Although Scope is not a social worker and has no license in the field, she constantly interfered with Plaintiff's sessions to disrupt them and express her concern that Spanish was spoken during the sessions.

41. Scope and DeGennaro were employees of the Defendants and were acting in their capacities as employees of the Defendants during the period of this complaint.

42. The Defendants discriminated and retaliated against the Plaintiff for the reasons described in this complaint.

43. Plaintiff felt stressed, experienced high blood pressure, loss of sleep, nightmares when she did sleep, and stomach aches, which eventually cause Plaintiff to seek medical care.

## AS AND FOR A FIRST CAUSE OF ACTION

44. Plaintiff repeats paragraphs 1 thru 43

45. Plaintiff was subjected to different terms and conditions of employment because of her race, and national origin. As a result of this differential treatment Plaintiff was unjustly and discriminatorily deprived of equal employment opportunities.

## AS AND FOR A SECOND CAUSE OF ACTION

46. Plaintiff repeats paragraphs 1 thru 45.

47. Defendants violated New York State Executive Law Section 296 (1) (a) by unfairly discriminating against Plaintiff because of her race.

### AS AND FOR THE THIRD CAUSE OF ACTION

48. Plaintiff repeats paragraphs 1 thru 47.

49. Defendants violated New York State Executive Law section 296 (1) (a) by unfairly discriminating against Plaintiff because of her national origin.

### AS AND FOR THE FOURTH CAUSE OF ACTION

50. Plaintiff repeats paragraph 1 thru 49.

51. Plaintiff was damaged by Defendants' denial of equal terms and conditions of employment in violation of Section 8-107.1(a) of the Administrative Code of the City of New York.

### AS AND FOR THE FIFTH CAUSE OF ACTION

52. Plaintiff repeats paragraphs 1 thru 51.

53. Defendants violated Plaintiff's right under Section 8-107.1(a) of the Administrative Code of the City of New York when they treated Plaintiff different because of her national origin.

### AS AND FOR THE SIXTH CAUSE OF ACTION

54. Plaintiff repeats paragraphs 1 thru 53.

55. Defendants violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964 when they retaliated against her because of her complaint of national origin and race discrimination.

## AS AND FOR A SEVENTH CAUSE OF ACTION

56. Plaintiff repeats paragraphs 1 thru 55.

57. Defendants violated Plaintiff's rights under 42 USC 1981 when they retaliated against her because of her complaint of race discrimination.

WHEREFORE, Plaintiff demands the following relief: (1) A permanent injunction restraining defendants from discriminating against Plaintiff on the basis of national origin or race; (2) An order that Defendants compensate, reimburse, and make whole Plaintiff for all the benefits she would have received had it not been for defendant's illegal actions, including, but not limited to pay, benefits, training, promotions, and seniority, with interest; (3) Actual and consequential damages as may be proven for pain, suffering, and humiliation Plaintiff suffered as result of Defendant's illegal actions; (4) Punitive damages payable to Plaintiff in an amount to properly penalize Defendants for their misconduct and to deter such wrongdoing in the future; (5) such other equitable relief as is just and proper; (6) Statutory damages as may be proven at trial on Defendants' violation of the New York State Executive Law Sec. 296 (1) (a) and Sec. 8-107.1(a) of the Administrative Code of the City of New York.

Respectfully submitted

The Law Offices of Albert Van-Lare
80 Wall Street
3rd Floor
New York, NY 10005
212.608.1400

By: /s/ Albert Van-Lare
    Albert Van-Lare

Dated: January 23, 2013

# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRUDI BATISTA,<br><br>                                    Plaintiff,<br><br>-against-<br><br>FRANK DEGENNARO, NEW YORK CITY DEPARTMENT OF EDUCATION, CITY OF NEW YORK,<br><br>                                    Defendants. | **DECLARATION OF FRANK DEGENNARO CONSENTING TO REMOVAL**<br><br>12 Civ. _____ |

Pursuant to 28 U.S.C. § 1746, I, Frank Degennaro, declare the following:

1. I am employed as a Principal with the New York City Department of Education ("DOE").

2. As of the date of this declaration, I have not been served, either personally or by mail, with a copy of the Summons and Complaint for the case filed in New York Supreme Court under Index No. 150752/2013, where I have been named as a defendant.

3. I consent to the removal of this action from the New York Supreme Court to the United States District Court for the Southern District of New York.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 15, 2013
       New York, New York

_____
FRANK DEGENNARO